UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |  |
|---|---|---|
| CURTIS HOLT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-099 |
| | ) | |
| FRANK BISIGNANO, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Curtis Holt, Jr. seeks judicial review of the Social Security Administration's denial of his application for Disability Insurance Benefits (DIB).

**I.   GOVERNING STANDARDS**

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."

1

*Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted). *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *see also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments

> meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the [residual functional capacity ("RFC")] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015).

At steps four and five, the ALJ assesses the claimant's RFC and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step."

3

*Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II.   BACKGROUND

Holt, born on July 2, 1972, tr. 23, applied for DIB on August 19, 2022, alleging disability due to post-traumatic stress disorder (PTSD), sleep apnea, chronic pain, lumbar spine strain, degenerative joint disease of the shoulders, depression, Type-II diabetes, hypertension, and bilateral ankle and knee strain.  Tr. 10, 71, 260.  He initially alleged an onset date of April 18, 2022, but amended it to July 1, 2022, to coincide with attaining age 50.  Tr. 10, 235, 256.  He has a master's degree and past relevant work as a warehouse supervisor, a production supervisor, a maintenance tech, and a maintenance supervisor.  Tr. 22-23, 38.

The ALJ found Holt's insulin-dependent diabetes mellitus, osteoarthritis and allied disorders, obstructive sleep apnea, obesity, carpal/cubital tunnel syndrome, degenerative disc disease, hypertension, headaches, low vision, PTSD, and depression to be severe

4

impairments,[1] tr. 12-13, but determined they did not meet or medically equal a Listing, tr. 13-14. The ALJ then found that Holt retained the RFC to perform a light work, except:

- He can sit 6-hours and stand/walk 6-hours during an 8-hour workday, and he can occasionally perform postural movements of climbing ramps or stairs, balancing, stooping, crouching, crawling and kneeling, but should never climb ladders, ropes, or scaffolds or have similar hazard exposure such as unprotected elevations;

- He can frequently use his upper/lower extremities and can drive;

- He should have no exposure to extreme cold or vibration;

- His vision is adequate to maneuver about the workplace and to avoid ordinary hazards; and

- He can perform simple tasks.

Tr. 14-22. The ALJ determined that Holt could not perform his past relevant work as actually or generally performed, tr. 22-23, but found that there are jobs that exist in significant numbers in the national economy that he could perform, tr. 23-24. Therefore, he was found to be not disabled. Tr. 24.

---

[1] The ALJ found Holt's insomnia, high cholesterol/hyperlipidemia, hiatal hernia, sinusitis, retinopathy/cataracts, diverticula, hemorrhoids and bowel incontinence, and GERD to be not severe. Tr. 13.

Because the Appeals Council denied Holt's request for review, tr. 1-6, the ALJ's February 27, 2024 decision, tr. 7-30, is the final decision of the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) ("When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [courts] review the ALJ's decision as the Commissioner's final decision."). Holt filed the instant lawsuit seeking judicial review of the ALJ's decision. *See generally* doc. 1; *see also* 42 U.S.C. § 405(g). The parties have submitted their briefs, docs. 14, 18, & 19, the matter is ripe for disposition. *See* Rule 5, Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) ("The action is presented for decision by the parties' briefs.").

## III.  ANALYSIS

Holt advances two separate, but related, arguments. *See* doc. 14 at 1. He first argues the ALJ committed error by citing Plaintiff's performance of his activities of daily living, or "ADLs," as a reason to discount his impairment severity, while minimizing countervailing evidence regarding the nature and extent of those activities. *Id*. at 7-20. Relatedly, he also argues that the ALJ erred by failing to explain how Plaintiff's "limited performance of ADLs demonstrates an ability to

6

perform full-time, competitive employment." *Id.* at 20-24. Both of these arguments center on the ALJ's consideration of Plaintiff's evidence of his daily activities, first during step three in determining whether his mental impairments meet or medically equal a listing, and again when formulating Plaintiff's RFC.

At the second step, the ALJ found Plaintiff had the severe mental impairments of PTSD and depression, along with other severe physical impairments. Tr. 12-13. Agency regulations require a "special technique" be used by the ALJ when evaluating mental impairments, *Moore*, 405 F.3d at 1213, which requires an assessment regarding how the claimant's mental impairments impact four broad functional areas, also referred to as "paragraph B" criteria: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § 404.1520a(c)(3). In rating the degree of limitation, the Agency employs a five-point scale in evaluating Plaintiff's limitations in each of the paragraph B criteria: none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(4). When considering a claimant's mental impairments, the ALJ must incorporate

into the written decision the pertinent findings and conclusions based on the technique and must make a specific finding as to the degree of limitation for each of the paragraph B criteria. *Moore*, 405 F.3d at 1213-14; 20 C.F.R. § 404.1520a(e)(4).

The ALJ conducted this analysis at the third step. Tr. 13-14. He found Plaintiff had a mild limitation in understanding, remembering, or applying information, a mild limitation in interacting with others, a moderate limitation in concentrating, persisting, or maintaining pace, and a mild limitation in adapting or managing for oneself. Tr. 13-14. Because Plaintiff's mental impairments did not cause at least two "marked" limitations, the "paragraph B" criteria were not satisfied and the ALJ determined the identified mental impairments did not meet or medically equal a listing. Tr. 14.

In making this determination, the ALJ cited to function reports completed by both Plaintiff and his wife which reported Plaintiff "tends to personal care and routine daily activities such as preparing simple meals, cleaning, doing laundry, managing his finances, driving, shopping, watching TV, using the internet and social media, and attends church." Tr. 13 (citing tr. 282-89, 298-305, 318-27, 337-47); *see*

*also* tr. 14 (pointing out, at various points, that Plaintiff "lives with his wife, and he drives, shops, attends church, and uses social media," "tends to personal care and does household chores such as cooking, cleaning, and laundry and he drives, shops, manages his finances, watches TV, uses the internet and social media, and mows the lawn," and "tends to personal care, prepares simple meals, loads/unloads the dishwasher, dusts, does laundry and yardwork, manages his finances, drives, shops, uses the internet and social media, watches TV, and attends church"). The ALJ also relied on a Psychological Evaluation which reported that Holt lives with his wife, is able to feed himself, drive himself, shop, do laundry, use a phone, do some cleaning, and manage his finances. Tr. 13-14 (citing tr. 1731-37). The ALJ also pointed to portions of the medical record where Plaintiff's memory was described as normal, his attention and concentration was noted as appropriate, and he was described as pleasant and cooperative. Tr. 14 (citing tr. 469, 1115-17, 1149, 1385-86, 1943-44, 2585).

As the ALJ noted, tr. 14, the paragraph B findings are not an RFC assessment. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1325 (11th Cir. 2021) ("The ALJ's analysis as to the Paragraph B

9

criteria is part of steps two and three of the sequential analysis; it is distinct from the more detailed inquiry as to a claimant's RFC at step four."). As discussed above, at step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 870 n. 5 (11th Cir. 2012) (citations omitted). The ALJ must consider all record evidence about all the claimant's impairments, including those that are not severe, and must consider statements about what a claimant can do from medical sources and the claimant. 20 C.F.R. §§ 404.1545(a); 416.945(a).

In determining Holt's RFC, the ALJ compared his December 2022 Disability Report, tr. 308-17, with his November 2022 Function Report, tr. 282-89, and January 2023 Function Report, tr.337-47, and identified contradictions among the three. Tr. 16. He then found that the Plaintiff's descriptions of his daily activities in his Function Reports, which exceeded the level of functionality reported in his Disability

10

Report—where he reported he was unable to complete household chores or focus—was more consistent with the record as a whole and therefore more persuasive. *Id.* The ALJ then extensively discussed Plaintiff's medical history, tr. 16-21, including treatment records where Plaintiff reported he was doing "ok," "doing well," had a "good" mood, and had normal memory and attention, tr. 18.

Ultimately, the ALJ found that Holt's statements and allegations concerning his symptoms and limitations were less persuasive than clinical findings and his level of functioning, which demonstrate he is not as limited as he alleges. Tr. 22. When a claimant provides testimony concerning his subjective symptoms, the ALJ must determine whether there exists "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If the record shows the claimant has a medically determinable impairment that could reasonably be expected to produce [his] symptoms, the ALJ must

11

evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work" in light of the objective medical evidence and statements by the claimant and her doctors. *See Costigan v. Comm'r of Soc. Sec.*, 603 F. App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)-(2)). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.3d at 1225.

The ALJ followed this rubric, making clear at several points in the decision why he discounted Plaintiff's subjective testimony and reports about his condition and limitations. Tr. 16 (noting differences in relatively close in time Function Reports and Disability Report); tr. 17-18 (discussing the medical evidence relative to Plaintiff's complaints); tr. 18-19 (discussing the results of a psychological evaluation relative to Plaintiff's complaints); tr. 21 (identifying inconsistencies with Plaintiff's testimony and the record). Specifically, the ALJ found that, after considering the entire record, "the claimant has some symptoms/limitations, which while not disabling, limit him to light, simple work and to the extent he and his attorney contend he has vocational limitations exceeding those in his residual functional

12

capacity, their contentions are inconsistent with the record and unpersuasive." Tr. 22. His decision, and his articulation of Plaintiff's RFC, which includes limitations to account for Plaintiff's physical and mental limitations, is supported by substantial evidence.

Plaintiff argues that the ALJ inaccurately minimized his evidence of his limitations, and points to evidence in the record, in the function reports and his own testimony, that supports his argument. Doc. 14 at 16-19. That there may be some evidence in the medical record that supports Holt's argument for disability is not enough. Indeed, even if the other evidence in the record cited by Plaintiff could support a contrary conclusion, it would not compel a reversal of the ALJ's determination. *Adefemi*, 386 F.3d at 1027; *cf. Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("Under a substantial evidence standard of review, [Plaintiff] must do more than point to evidence in the record that supports [his] position; [he] must show the absence of substantial evidence supporting the ALJ's conclusion.").

## IV.   CONCLUSION

Because the ALJ's decision is supported by substantial evidence, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 21st day of August, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA